# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JARELL DAVIS TERRY                                            PETITIONER

No: 4:20-cv-01440 JM/PSH

DEXTER PAYNE, Director,
Arkansas Department of Correction                        RESPONDENT

## ORDER

Petitioner Jarell Davis Terry ("Terry") filed a petition for writ of habeas corpus on December 10, 2020 (Doc. No. 1). On May 5, 2021, this Court issued its findings with a recommendation that the petition for writ of habeas corpus be dismissed and the relief requested be denied. (Doc. No. 12). After obtaining an extension of time to respond to the Court's recommendation, Terry filed a motion to amend his petition. Doc. Nos. 13 & 14. Terry has since filed a motion for voluntary dismissal. Doc. No. 17. These motions are ripe for disposition, and United States District Judge James M. Moody, Jr. has referred this case back to the undersigned. Doc. No. 18.

### *Motion for Leave to Amend Petition*

This Court's Recommendation was filed on May 5, and Terry filed his motion for leave to amend his petition on May 27. Terry seeks to amend and raise the following claims:

1. Actual innocence because he was acting under duress and not planning to commit the crimes;

2. Due process violations stemming from (a) the amendment of his charges from capital to first-degree murder, and (b) violation of his *Miranda*

1

rights;

3. Juror misconduct when a juror nodded toward the victim's family;

4. Eighth Amendment violations based on improper sentencing as an habitual offender, being sentenced to life imprisonment even though he was only an accomplice, improper jury instructions, and being absent during part of the proceedings;

5. A *Brady* violation based on the failure of the prosecution to provide certain documents that were admitted in the sentencing phase of his trial; and

6. Double jeopardy.

Claims 1, 2(a), 3, and 4 were raised by Terry in his petition and are the subject of the Court's Findings and Recommendation. Thus, his petition to amend to assert these claims is denied. The Court finds that the petition to amend should be denied as to the remaining claims for the reasons set forth below.

Federal Rule of Civil Procedure 15(a) provides that the Court has discretion in allowing amendment, and leave to amend "shall be freely given when justice so requires." Even so, leave to amend may be denied for a number of reasons, including undue delay and futility of amendment. *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone is not a sufficient reason to deny a motion to amend. But when a proposed amended complaint raises claims that are procedurally defaulted, the Court should deny the petition to amend as futile. *Id.* at 902-03

The Court agrees with respondent Payne's position that Terry's delay in moving

2

to amend weighs in favor of the respondent. Terry gives no reason or explanation for his failure to assert his new claims in his original petition, or why he did not seek to amend before the case was ripe for disposition. However, the Court does not deny Terry's motion to amend solely due to his delay. The Court is also persuaded that the new claims Terry seeks to assert are procedurally defaulted, and therefore the amendment would be futile.

Terry pursued only one claim, sufficiency of the evidence, to a decision on the merits in state court. He did not raise his new claims at trial or on direct appeal. Those claims are therefore procedurally defaulted unless Terry can demonstrate cause for his failure and prejudice, or actual innocence. *See Stephen v. Smith*, 963 F.3d 795, 799 (8th Cir. 2019). For cause, Terry claims ineffectiveness of counsel at trial and on appeal. Ineffective assistance of counsel cannot be used to demonstrate cause in this instance because Terry did not present such a claim in state court. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986)(ineffective counsel claim must be presented as independent claim to state courts before it can be used to establish cause for procedural default); *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. 1987). Because Terry did not seek Rule 37 relief in state court, no ineffective assistance claims were raised. Therefore, his ineffective assistance claims cannot be used here to establish cause for procedural default.

Finally, Terry fails to demonstrate actual innocence as a basis for excusing his procedural default. He has not produced new and reliable evidence that was unavailable at trial that demonstrates "it is more likely than not that no reasonable

3

juror would have convicted him in light of the new evidence." *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015). For these reasons, Terry's motion for leave to file an amended petition (Doc. No. 15) is DENIED.

## *Voluntary Dismissal*

After filing his motion for leave to amend, Terry filed a motion seeking to voluntarily dismiss his case, requesting that "I be sent a Rule 37 form and instructions to cure procedural default." Doc. No. 17. Because Payne has filed a response to Terry's petition, this action may be dismissed at Terry's request only by court order, "on terms that the Court considers proper." Fed. R. Civ. P. 41(a)(2). The Court finds that the motion for voluntary dismissal should be denied for the reasons set forth below.

A dismissal pursuant to Rule 41(a)(2) is not one of right; rather, it is a matter for the Court's discretion. *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999). "Rule 41(a)(2)'s purpose is primarily to prevent voluntary dismissals which unfairly affect the other side." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017)(quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). The Court should consider the following factors in deciding whether to grant a motion for voluntary dismissal: (1) whether the party has provided a proper explanation of the need to obtain a dismissal; (2) whether a dismissal would result in a waste of judicial time and effort; and (3) whether a dismissal will prejudice the defendant. *See Donner v. Alcoa, Inc.,* 709 F.3d 694, 697 (8th Cir. 2013). The Court may also consider the defendant's effort and expense

involved in preparing for trial, the plaintiff's lack of diligence and excessive delay, and whether a motion for summary judgment has been filed. *Paulucci*, 826 F.2d at 783. Additionally, the Court may evaluate the motive for a request for voluntary dismissal, such as whether it is to avoid adverse judgment or to escape to a more favorable forum. *See Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214-15 (8th Cir. 2017).

In his motion for voluntary dismissal, Terry seeks dismissal and a Rule 37 form and "instructions to cure procedural default." Doc. No. 17. He provides no other explanation for his dismissal request. Presumably, Terry wishes to dismiss this case so that he can return to state court and attempt to cure his procedural defaults. The Court finds this reason unpersuasive for the same reason that it denies Terry's motion to amend - any efforts by Terry to cure his procedural defaults would be futile. The Arkansas Supreme Court entered an order on May 21, 2020 affirming Terry's convictions, and its mandate was issued on June 9, 2020. Doc. No. 7-3 at 17. Terry had 60 days to file a Rule 37 petition. *See* Ark. R. Crim. P. 37.2(c)(ii); Ark. R. Crim. P. 1.4. He did not file a Rule 37 petition at all, and the attempted filing of a Rule 37 petition at this time would be long past expiration of the statute of limitations. Additionally, as described in this Court's Findings and Recommendation and in this Order, Terry fails to establish cause and prejudice to excuse his procedural defaults, and he also fails to establish actual innocence.

In addition, the Court notes that Terry's petition was filed on December 10, 2020. Respondent Payne responded at length. Terry was given an opportunity to

respond to Payne's filing, and he did so in two pleadings. The issues were ripe for decision in mid-April 2021. And after this Court issued its Findings and Recommendation recommending dismissal, Terry did not file objections. Instead, he filed a motion for leave to amend and a motion for voluntary dismissal. These facts suggest that Terry's motive in seeking dismissal is to avoid an adverse judgment. After considering the factors outlined above in evaluating Terry's motion for voluntary dismissal (Doc. No. 17), the Court finds that it should be, and hereby is, DENIED.

*Conclusion*

For the reasons stated herein, Terry's motion for leave to amend (Doc. No. 15) and motion for voluntary dismissal (Doc. No. 17) and are DENIED.

IT IS SO ORDERED this 8th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE